IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RASHIDAT KIKELOMO BELLO,** | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | CASE NO. 4:18-cv-01454 |
| **CIT BANK, N.A., ONEWEST BANK AS SUCCESSOR IN INTEREST TO INDYMAC BANK, F.S.B. and LOANCARE, LLC,** | § § § § § | |
| *Defendants*. | § § | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

CIT Bank, N.A. f/k/a OneWest Bank, N.A. ("*CIT*"), erroneously sued as successor in interest to IndyMac Bank, F.S.B., and LoanCare, LLC ("*LoanCare*" and, with CIT, collectively "*Defendants*") hereby file this Answer and Affirmative Defenses ("*Answer*") to Plaintiff's Original Petition ("*Petition*") filed by Rashidat Kikelomo Bello ("*Plaintiff*") in the 240th Judicial District Court, Fort Bend County, Texas prior to removal to this Court. In support of their Answer, Defendants respectfully aver as follows:

### Introductory Paragraph of Petition

The introductory paragraph of the Petition contains no allegations *per se* and, therefore, does not require a response. As stated in the introductory paragraph to this Answer, CIT was formerly known as OneWest Bank, N.A. but has been erroneously sued as the successor in interest to IndyMac Bank, F.S.B. To the extent further a response is required, denied.

### Discovery Control Plan

1. Paragraph 1 of the Petition contains no allegations *per se* and, therefore, does not require a response. To the extent a response is required, denied. Discovery in this litigation will be conducted pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court.

### Discovery Control Plan

2. Paragraph 2 of the Petition contains no allegations *per se* and, therefore, does not require a response. To the extent a response is required, denied. Discovery in this litigation will be conducted pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court.

### Parties

3. Defendants lack sufficient information to form a belief as to the allegations in Paragraph 3 of the Petition.

4. Defendants admit that CIT is licensed to do business in Texas and maintains a branch location at 12221 Merit Drive, Suite 1700, Dallas, Texas 75251. Defendants deny the remainder of the allegations in Paragraph 4 of the Petition.

5. As stated in the introductory paragraph to this Answer, CIT was formerly known as OneWest Bank, N.A. but has been erroneously sued as the successor in interest to IndyMac Bank, F.S.B. To the extent a further response is required, denied.

6. Defendants admit that LoanCare is licensed to do business in Texas and that its registered agent for service of process is correctly identified in the second Paragraph 5 of the Petition.[1] However, LoanCare is not a corporation; it is a limited liability company. To the extent a further response is required, denied.

7. Paragraph 6 of the Petition contains no allegations *per se* and, therefore, does not require a response. Defendants admit that the real property described in Paragraph 7 of the Petition lies in Fort Bend County, Texas. To the extent a further response is required, denied.

Statement of Facts

8. As stated in the introductory paragraph to this Answer, CIT was formerly known as OneWest Bank, N.A. but has been erroneously sued as the successor in interest to IndyMac Bank, F.S.B. Defendants admit that CIT is the holder of a note payable by Plaintiff and CIT is the beneficiary of a deed of trust covering the described property, which secures the note and loan. Defendants lack sufficient information to form a belief as to the remaining allegations in Paragraph 7 of the Petition.

9. Defendants admit that Plaintiff made some, but not all, payments required under the relevant contracts and that CIT did send correspondence to Plaintiff relating to the loan. Defendants lack sufficient information to form a belief as to the remaining allegations in Paragraph 8 of the Petition. To the extent a further response is required, denied.

10. Defendants lack sufficient information to form a belief as to the allegations in Paragraph 9 of the Petition. To the extent a further response is required, denied.

11. Defendants lack sufficient information to form a belief as to the allegations in Paragraph 10 of the Petition. To the extent a further response is required, denied.

12. Defendants lack sufficient information to form a belief as to the allegations in Paragraph 11 of the Petition. To the extent a further response is required, denied.

---

[1] The Petition contains two paragraphs numbered "5."

13. Paragraph 12 contains legal conclusions to which no response is required. Defendants lack sufficient information to form a belief as to the remaining allegations in Paragraph 12 of the Petition. To the extent a further response is required, denied.

14. Paragraph 13 contains legal conclusions to which no response is required. Defendants lack sufficient information to form a belief as to the remaining allegations in Paragraph 13 of the Petition. To the extent a further response is required, denied.

### Mental Anguish Damages

15. Because Paragraph 14 of the Petition merely incorporates preceding paragraphs, Defendants incorporate the corresponding responses as stated above. To the extent a further response is required, denied.

16. Defendants deny the allegations contained in the un-numbered paragraph immediately following Paragraph 14 of the Petition.

### Usury

17. Because Paragraph 15 of the Petition merely incorporates preceding paragraphs, Defendants incorporate the corresponding responses as stated above. To the extent a further response is required, denied.

18. Defendants deny the allegations contained in the un-numbered paragraph immediately following Paragraph 15 of the Petition.

### Promissory Estoppel

19. Because Paragraph 16 of the Petition merely incorporates preceding paragraphs, Defendants incorporate the corresponding responses as stated above. To the extent a further response is required, denied.

20. Defendants deny the allegations contained in the un-numbered paragraph immediately following Paragraph 16 of the Petition.

### Negligence

21. Because Paragraph 16 of the Petition merely incorporates preceding paragraphs, Defendants incorporate the corresponding responses as stated above. To the extent a further response is required, denied.

22. Defendants deny the allegations contained in the un-numbered paragraph immediately following Paragraph 16 of the Petition.

<u>Request for Temporary Restraining Order and Injunctive Relief</u>

23. Because Paragraph 18 of the Petition merely incorporates preceding paragraphs, Defendants incorporate the corresponding responses as stated above. To the extent a further response is required, denied.

24. The un-numbered paragraph immediately following Paragraph 18 of the Petition contains legal conclusions to which no response is required. Defendants lack sufficient information to form a belief as to the remaining allegations in the un-numbered paragraph immediately following Paragraph 18 of the Petition. To the extent a further response is required, denied.

25. Defendants deny the allegations contained in Paragraph 19 of the Petition.

26. Defendants deny the allegations contained in Paragraph 20 of the Petition.

27. Defendants deny the allegations contained in Paragraph 21 of the Petition.

28. The unnumbered prayer for relief in the Petition contains no allegations *per se* and, therefore, does not require a response. To the extent a response is required, denied.

**Affirmative Defenses**

Defendants plead the following affirmative defenses. By asserting the following as affirmative defenses, Defendants do not assume the burden of proof for any factual showing that would otherwise fall on Plaintiff. Instead, Defendants are providing Plaintiff with notice and preserving all rights with respect to the following:

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by waiver and/or estoppel.

3. Plaintiff's claims against Defendants are barred and/or reduced by Plaintiff's own comparative fault.

4. Plaintiff's claims against Defendants are barred and/or reduced by the comparative fault of third parties not under Defendants' control or supervision.

5. If either of the Defendants is found liable, which liability is specifically denied, then such Defendant is entitled to indemnity, contribution, and/or setoff from those persons or entities whose fault caused or contributed to the damages for which recovery is sought and they are further entitled to liability protection to the full extent permitted under Texas law, or any other applicable state's statutory or common law.

6. To the extent Defendants are found liable, which liability is specifically denied, then Plaintiff is prevented from recovering damages for which she has failed to take steps to mitigate her damages.

7. Defendants adopt and incorporate by reference each and every applicable defense pleaded by any other defendant in this case as if fully stated in this Answer.

8. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or appear during the course of discovery proceedings in this case and hereby reserve the right to amend this Answer to assert any such additional or other defenses.

Dated: May 14, 2018                    Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Andrew G. Spaniol*
Andrew G. Spaniol
Texas Bar No. 24063012
S.D. Tex. No. 990471
Gregory J. Sachnik
Texas Bar No. 17503800
2200 Ross Avenue, Suite 3300
Dallas, Texas  75201
214.721.8000 – Telephone
214.721.8100 – Facsimile
andrew.spaniol@bclplaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

A true and correct copy of the above and foregoing pleading was served on all counsel in compliance with the Texas Rules of Civil Procedure by facsimile, email, and/or by the court's electronic service system on this 14th day of May 2018, to:

Larry A. Vick
104797 Town & Country Way, Suite 700
Houston, Texas 77024
lv@larryvick.com
(713) 239-1062 – Tel.
(832) 202-2821 – Fax
*Attorney for Plaintiff*

*/s/ Andrew G. Spaniol*
Andrew G. Spaniol

5